IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICKY POPE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 2:06-cv-1009 |
| | ) Judge Thomas M. Hardiman |
| ROSTRAVER SHOP AND SAVE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Nicky Pope (Pope) brought this civil rights and tort action because of her detention at a local grocery store. The question presented is whether Pope has alleged sufficient facts to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) filed by Defendants Rostraver Shop and Save (Shop and Save) and Howard Russell (collectively, Defendants). Defendants seek dismissal claiming that they cannot be deemed state actors for purposes of 42 U.S.C. §1983 and that Plaintiff has failed to state claims for false imprisonment and intentional infliction of emotional distress.

### I.   Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Claims should be dismissed under Rule 12(b)(6) "only if it is certain that no relief can be granted under any set of

facts which could be proved." *Klein v. Gen. Nutrition Cos.*, 186 F.3d 338, 342 (3d Cir. 1999) (internal citation omitted). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997).

## II.     Factual Background

In view of the appropriate legal standard, the Court accepts as true all of Plaintiff's well-pleaded facts. On or about June 5, 2004, Pope was shopping at the Shop and Save in Belle Vernon, Pennsylvania. She made several purchases, paid for the merchandise, and retained her receipt. As she approached the entrance of the store, the store manager - Defendant Russell - stopped Pope in view of the public and accused her of shoplifting. Russell detained Pope and precluded her from leaving until the police arrived. Although Pope opened the bag and showed her receipt, Russell refused to release her.

Shortly thereafter, Officer George Milket arrived at the scene. Milket instructed Pope to lift up her shirt and she complied. Although he found nothing, Milket then "repeatedly poked her buttocks with unnecessary prolonged contact with her mid-section." Compl. at ¶12. Although Pope was detained for a considerable period of time and subjected to an extensive search, no stolen merchandise was discovered on her person, so she eventually was released without charges. As a result of this incident, Pope has been diagnosed with anxiety disorder including but not limited to panic attacks, sleep disorder, loss of interest and motivation, and depressed mood.

### III. Analysis

#### A. 42 U.S.C. §1983

"[A] plaintiff in a section 1983 action bears the threshold burden of proving that the alleged deprivation was committed by a person acting under color of state law." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 164 (3d Cir. 2001) (internal citation and quotation marks omitted). The Court of Appeals has established a two-part test to determine whether a store acts under color of state law in cases involving suspected shoplifters:

> [A] store and its employees cannot be held liable under §1983 unless:
> (1) the police have a pre-arranged plan with the store; and
> (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause.

*Cruz v. Donnelly*, 727 F.2d 79, 81 (3d Cir. 1984) (per curiam).[1] In addition, "[g]enerally merchants are not considered to be acting under the color of law for the purposes of [§]1983 when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizen's arrest." *Caswell v. BJ's Wholesale Co.*, 5 F. Supp.2d 312, 318 (E.D. Pa. 1998) (citing, *inter alia*, *Cruz*, 727 F.2d at 81); *see also Wallace v. Federated Dep't Stores, Inc.*, No. 05-4204, 2006 WL 1620176, at *3 (E.D. Pa. June 7, 2006) ("the conduct of a store and its employees cannot properly be attributed to the state unless the store has a pre-arranged [plan] with police under which the police will 'arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause.'" (quoting *Cruz*, 727 F.2d at 81)), *aff'd*

---

[1] *Cruz* no longer states good law insofar as there is no longer any heightened pleading standard required for section 1983 actions. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). No Supreme Court or reported Third Circuit decision, however, has modified the substantive standard established in *Cruz*.

*in relevant part*, 2007 WL 128774, at *2 (3d Cir. Jan. 11, 2007) (per curiam).

Pope's complaint does not plead facts meeting *Cruz*'s substantive test. Indeed, the complaint alleges that Officer Milket conducted his own independent investigation. Ironically, the "over the top" nature of Milket's behavior as alleged by Pope undercuts her argument that Milket was a "yes man" for the store. Once Milket arrived at the scene, Russell became a mere bystander, so Milket's actions cannot be attributed to Russell.

It is true that Pope's complaint alleges that "Shop and Save have [sic] established policies and/or customs and practices confirming joint conduct as above outlined with Defendant Rostraver Township and its police." Compl. at ¶17(d). But even under Rule 12(b)(6), this legal conclusion is unwarranted because the facts as pleaded in plaintiff's own complaint are to the contrary. Accordingly, no facts could surface during discovery (unless Pope's complaint is to be disbelieved) about Milket's conduct suggestive of lack of independent investigation because Milket instructed Pope to lift up her shirt and then "repeatedly poked her buttocks with unnecessary prolonged contact with her mid-section." Nothing in the complaint suggests that Defendants instructed Milket to act in this manner, so Milket's on-the-scene actions were independent of anything Defendants did.

Moreover, Pope herself pleads that she never was arrested, which is required under the second prong of the *Cruz* test.[2] With neither an actual arrest nor any indication of lack of

---

[2] In response, Pope appears to argue that an arrest is not necessary so long as there was concerted action to detain or to humiliate. The Eighth Circuit has held that such concerted action short of arrest suffices. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("A store may be considered to be acting jointly with police when the police detain accused shoplifters without making an independent investigation or pursuant to a customary plan between the store and the police department."). Without further guidance from the Third Circuit, however, this Court must follow *Cruz*, which requires an arrest.

4

independent investigation on the part of the police, the facts as alleged in Pope's complaint fail to show that the store and its employee acted under color of state law. *See also Chapman v. ACME Markets, Inc.*, No. Civ.A. 97-6642, 1998 WL 103379, at *2 n.1 (E.D. Pa. Feb. 24, 1998) (even under a "less exacting" pleading standard, Rule 12(b)(6) does not excuse plaintiff's "failure to plead facts sufficient to allege a critical element of his cause of action"). Accordingly, Pope's section 1983 claim must be dismissed under Rule 12(b)(6).

### B. False Imprisonment

Under Pennsylvania law, "[t]he elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Defendants' argument for dismissing this claim is limited to the proposition that a claim for false imprisonment requires an arrest or imprisonment.

There are two responses to this argument. First, insofar as "arrest" means a formal placement into custody effectuated by law enforcement, Defendants' proposition is incorrect under *Renk*. *See id.* at 295 n.2 (Montemuro, J., dissenting on other grounds) (false arrest claims are merely a subset of false imprisonment claims); *accord Wallace v. Kato*, 127 S. Ct. 1091, 1095 (U.S. 2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."); *see also, e.g., Pearson v. Pearson*, 212 N.Y.S.2d 281, 283-84 (Sup. Ct. 1961) (false imprisonment claim survives "even absent an actual arrest"), *cited in* 35 C.J.S. *False Imprisonment* §13 at n.6 (2006).

Second, although Pennsylvania courts have held that "false arrest" is synonymous with "false imprisonment," *see Gagliardi v. Lynn*, 285 A.2d 109, 111 (Pa. 1971); *see also, e.g., Karkut v. Target Corp.*, 453 F. Supp.2d 874, 879 (E.D. Pa. 2006); *Brockington v. City of Phila.*,

354 F. Supp.2d 563, 570 n.8 (E.D. Pa. 2005), what they mean is that in the context of cases involving arrest, the standards for evaluating the two causes of action are the same. *Gagliardi* and its progeny do not imply, let alone hold explicitly, that the tort of false imprisonment disappears altogether even in situations without a formal in-custody arrest by police. A private citizen who "purports to act for the purpose of securing the administration of the law without actual legal justification," 285 A.2d at 111, may well be liable for false imprisonment. Pope's complaint alleges that Defendant Russell "instructed her that she could not leave until the police arrived." That this instruction was not a formal "arrest" does not by itself doom Pope's claim for false imprisonment. Accordingly, Pope's false imprisonment claim survives a 12(b)(6) motion to dismiss.

### C. *Intentional Infliction of Emotional Distress*

To state a claim for the intentional infliction of emotional distress, a plaintiff must allege that the defendant "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress" to the plaintiff. Restatement (Second) of Torts §46(1), *quoted in Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000). The Third Circuit has also set out the elements of the tort in a case arising in Pennsylvania: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intended; (3) the conduct must cause emotional distress; and (4) the distress must be severe." *Silver v. Mendel*, 894 F.2d 598, 606 n.16 (3d Cir. 1990). These precedents contradict Defendants' argument that "there is no cause of action in Pennsylvania for intentional infliction of emotional distress."[3]

---

[3] The Court understands that the following pronouncement from the Pennsylvania Supreme Court is not altogether definitive: "Although we have never expressly recognized a cause of action for intentional infliction of emotional distress, and thus have never formally adopted this section of the

6

Nonetheless, Defendants are correct that Pope has not sufficiently alleged conduct in her complaint that rises to the level of extreme and outrageous conduct. Extreme and outrageous conduct has been defined as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) (internal citation and quotation marks omitted). "With regard to the element of outrageousness, it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa. Super. Ct. 1993).

It is clear that the facts as pleaded in Pope's complaint do not entitle her to relief on her claim for intentional infliction of emotional distress. Courts almost uniformly do not find "extreme and outrageous" conduct when suspected shoplifters are detained. *See, e.g., Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 12 (1st Cir. 2004); *Gaines v. Nordstrom, Inc.*, No. 05-CV-689-PK, 2006 WL 2711779, at *8 (D. Or. Sept. 19, 2006) (requiring "element to the detention such as using deliberate and systematic tactic[s] to threaten and frighten the plaintiff into a confession, or cold-blooded . . . interrogation upon scanty evidence" (internal quotation marks omitted)). It is true that Pope's complaint alleges that even after she showed her receipt to Defendant Russell, he still contacted the Rostraver Police Department, who sent Officer Milket

---

Restatement, we have cited the section as setting forth the minimum elements necessary to sustain such a cause of action." *Taylor*, 754 A.2d at 652. This Court's best interpretation of that statement is that the cause of action does exist, though not necessarily tracking exactly with the Restatement, especially because in *Taylor* and several other cases, the Pennsylvania Supreme Court proceeded to analyze whether the plaintiff had established the requisite elements. *See, e.g., Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998); *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 991-95 (Pa. 1987).

7

to the scene, who in turn "repeatedly poked her buttocks with unnecessary prolonged contact with her mid-section." But the intervening actions of Milket cannot be attributed to Russell, who merely called the police and made Pope wait. No reasonable jury could conclude that such conduct satisfies the "extreme and outrageous conduct" standard under Pennsylvania law. Accordingly, Pope's claim for intentional infliction of emotional distress must be dismissed under Rule 12(b)(6).

## IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted with prejudice as to Pope's section 1983 and intentional infliction of emotional distress claims because any amendment would be futile. Defendants' motion will be denied as to Pope's false imprisonment claim, however.

An appropriate Order follows.

March  9 , 2007

Thos M. Hardiman
Thomas M. Hardiman
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICKY POPE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:06-cv-1009 |
| ) | Judge Thomas M. Hardiman |
| ROSTRAVER SHOP AND SAVE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this 9th day of March, 2007, upon due consideration of Defendant Rostraver Shop and Save and Defendant Howard Russell's Motion to Dismiss (Doc. No. 5), as well as all related briefing, for the reasons in the foregoing Memorandum Opinion, it is hereby ORDERED that

1. The motion is GRANTED as to Count I (civil rights violation) and Count IV (intentional infliction of emotional distress). These two counts are DISMISSED WITH PREJUDICE as to Defendants Shop and Save and Russell.

2. The motion is DENIED as to Count III (false imprisonment).

BY THE COURT:

_Thos M. Hardiman_
Thomas M. Hardiman
United States District Judge